Earl Wayne WILSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 61396.

Court of Criminal Appeals of Texas, Panel No. 3.

June 9, 1982.

Charles J. Brink, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Alvin M. Titus, Larry Urquhart, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for rape. The indictment alleged two prior felony convictions for enhancement of punishment. The trial court assessed punishment at imprisonment for life.

Before the trial on the merits, appellant's counsel filed a motion alleging that the appellant was not competent to stand trial. The motion was granted and a jury was impanelled to determine this issue. Both the State and the appellant offered evidence, and the jury found that the appellant was competent to stand trial.

Appellant raises grounds of error concerning both the competency trial and the trial on the merits. We first discuss appellant's contention that the prosecutor's prejudicial comments during the competency trial denied him a fair trial.

Appellant contends that because of assertions made by the prosecuting attorney that a verdict finding appellant incompetent to stand trial would result in appellant's release from the state hospital in ninety days, the jury was incapable of rationally and fairly considering the evidence which might support a finding of competence. During the competency trial the prosecutor conducted the following cross-examination of defense witness, Dr. Hamilton Ford, a psychiatrist:

"Q. Okay. Do you understand, if this jury finds he is incompetent to stand trial and will not attain competency in the near future, he goes for ninety days? Did you know that?"

Defense counsel objected to this question on the ground that it was not the law. The prosecutor replied that it was the law and then asked the witness again:

"Q. Did you know he goes for ninety days?"

Defense counsel objected again and the objection was overruled. The prosecutor continued:

"Q. Do you understand, if this jury finds he is incompetent to stand trial and will not attain competency in the near future, that he is temporarily committed for ninety days?

"A. No, sir. I thought that the statutes of the State of Texas were different, that if a man is mentally ill and is a danger to himself—and I don't think he is particularly a danger to himself, except someone is likely to kill him if he repeats his acts, but a danger to others, that he can be sentenced to an indefinite commitment. Now, I believe I am correct on that.

"Q. Well that is a civil commitment, you understand, and this is a criminal court.

"A. You mean that a—

"Q. There is a difference, yes, sir, there is.

"A. You mean that a criminal is given more privilege than a person who isn't a criminal?

"Q. I hate to tell you, but that's generally the way it is."

Appellant objected to the comment; his objection was sustained, and the remarks were stricken from the record.

The prosecutor's comment that appellant would be temporarily committed for ninety days was a clear misstatement of the law. Article 46.02, Section 5, V.A.C.C.P., incompetency dispositions, does not mandate a temporary ninety day commitment. Upon a determination that a defendant is not competent to stand trial, the court enters an order committing that defendant to certain designated facilities for a period not to exceed twelve months. That a ninety day commitment order is within the statutory range does not render the prosecutor's assertion a correct statement of the law. His comment implied that a ninety day commitment was a certain, required result of a jury verdict that appellant was not competent to stand trial. This comment was harmful to appellant because it implied to

the jurors that if they did not find appellant competent to stand trial he would be released from custody after a temporary, ninety day commitment.

The implication of the prosecutor's comments are similar to those statements made by the prosecutor in *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App.1980). There the prosecutor stated that if the jury were to find the defendant incompetent, he would be sent to a state hospital for up to one year and then he could only be civilly committed to a hospital where he could easily escape. We found that the appellant in *Brandon* was denied due process because he did not receive a fair hearing on his competency to stand trial.

Here, as in *Brandon*, the prosecutor's comments were so inflammatory and misleading that appellant was denied due process because he did not receive a fair determination of his competency to stand trial. That the appellant was harmed by such inappropriate statements and questions by the prosecutor is clear in light of affidavits and testimony of three of the jurors. Despite the admonitions of the trial court to disregard any testimony regarding the length of time appellant would remain in a mental institution if found by them to be competent to stand trial, such statements and testimony were discussed and considered by the jury. Therefore we must reverse the judgment that appellant was competent to stand trial. We remand the cause to the trial court to empanel a jury and hold a trial to retrospectively determine appellant's competency to stand trial.

In view of our disposition of this appeal and in the event that another jury finds that the appellant was competent when he was tried in September, 1977, we have fully reviewed the trial on the merits and have carefully considered each ground of error raised by appellant's counsel.

Appellant asserts that the trial court erroneously instructed the jury as to the burden of proof in his defense of insanity. He contends that by virtue of his long record of hospitalization and treatment for mental illness and in light of his most recent commitment, he was entitled to a presumption of continuing insanity. The trial court, however, charged that defendant carried a burden of proof of insanity by the preponderance of the evidence. However, we need not decide this matter since nowhere in the record is there any indication that appellant filed notice of his intention to offer evidence of an insanity defense as required by Article 46.03, V.A.C.C.P. Even though the trial judge allowed evidence of insanity, there is no finding of good cause for failure to give notice. Having failed to file notice and to obtain a finding of good cause for this failure, appellant was not entitled to a charge on continuing insanity and is in no position to complain of the charge given by the court. This ground of error is without merit.

Appellant attacks the voluntariness of his written confession. Before the confession was admitted the court held a hearing on the issue of voluntariness and made the following findings of fact: that appellant's written confession was made freely and voluntarily; that appellant knowingly, intelligently and voluntarily waived his right in connection with making and signing of the confession; that appellant had received the proper warnings by the magistrate and by the person to whom the confession was made; that appellant was sane, lucid, and in command at the time he made the confession; and that appellant's confession was made without any form of coercion or duress.

Although appellant testified to physical threats of violence prior to his making the confession, this testimony was controverted by the testimony of Detective N. K. Kanstrup of the Pasadena Police Department, who was present at all times during the interviews of appellant at which time appellant made the confession.

The trial judge at the hearing on voluntariness is the exclusive judge of the credibility of the witness and the weight to be given their testimony. *Williams v. State*, 566 S.W.2d 919 (Tex.Cr.App.1978); *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App.1977); *Aranda v. State*, 506 S.W.2d 221 (Tex.Cr.

App.1974). The trial court resolved the conflicting testimony against appellant in his findings of fact and conclusions of law. These findings are supported by the facts adduced at the hearings. *Burks v. State*, 583 S.W.2d 389 (Tex.Cr.App.1979); *Vigneault v. State*, 600 S.W.2d 318 (Tex.Cr. App.1980). This ground of error is overruled.

Appellant contends the trial court erred in failing to submit a charge to the jury on the law of circumstantial evidence. A charge on circumstantial evidence is required only when the evidence of the main fact essential to guilt is purely and entirely circumstantial. *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr.App.1976) (Opinion on Appellant's Motion for Rehearing.) Here the appellant's statement is unequivocal admission of the offense of rape. The confession admitted the following: that appellant knocked upon the victim's door; that he went into her house and took the telephone away from her; and that he pushed her down on the couch, removed her undergarments and raped her. The confession provided direct evidence of the main fact the State had to prove. A circumstantial evidence charge was then not required. This ground of error is overruled.

Appellant contends that the trial court committed fundamental error when it failed to grant appellant's motion for instructed verdict. Upon careful review of the record it is clear that there is sufficient evidence to support the jury's verdict. Appellant made an unequivocal confession to the commission of the rape. In addition to this confession, testimony adduced from Billy Spicer, a neighbor of the victim, established that he (Spicer) saw the appellant jump from the victim's porch and run across the street minutes before the victim related the rape to Spicer. Since there is both ample direct and circumstantial evidence to support the guilty verdict, this ground of error is overruled.

We abate the appeal and remand the cause to the trial court to empanel a jury within ninety days to determine whether the appellant was competent to stand trial when he was tried in September, 1977. A record of that proceeding shall be prepared in the manner required by Article 40.09, V.A.C.C.P. and transmitted to this Court for further disposition.

It is so ordered.