**Wesley Gene ALIFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–96–00457–CR.**

Court of Appeals of Texas, El Paso.

Oct. 23, 1997.

J. K. 'Rusty' Wall, Law Office of J. K. Rusty Wall, Midland, for Appellant.

Al W. Schorre, Jr., District Attorney of Midland County, Midland, for State.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

LARSEN, Justice.

This is an appeal from a conviction for felony driving while intoxicated. After the jury found Wesley Gene Aliff (Aliff) guilty, the trial court sentenced him to ten (10) years' incarceration in the Texas Department of Criminal Justice—Institutional Division. Aliff brings two points of error relating to the trial court's refusal to include the defenses of involuntary intoxication and temporary insanity not induced by intoxication.

### SUMMARY OF THE EVIDENCE

On September 28, 1995, Lieutenant David Wilks, a Midland police officer, noticed that Aliff was having difficulty remaining stopped at red lights. While waiting at several red lights, Aliff would creep slowly into the intersection forcing traffic to swerve to avoid hitting his vehicle. After observing this behavior for several lights, Lieutenant Wilks decided it was necessary to activate his lights and siren and to stop Aliff. Subsequently, Aliff was arrested by Officer Patrick Mayers. While in the emergency room of a local hospital, Aliff agreed to provide a blood sample. When analyzed, the blood sample revealed the presence of Carisoprodol, Meprobamate, and Alprazolam in Aliff's bloodstream. These were shown to be prescription medications used to treat Aliff's mental illness and back problems.

At trial but before the jury charge was submitted to the jury, counsel for Aliff asked the trial court to include the defenses of involuntary intoxication and temporary insanity not due to intoxication. The trial court denied both requests.

### DISCUSSION

In his first point of error, Aliff contends that the trial court erred by refusing to give his requested jury instruction on the defense of involuntary intoxication. We find there was no evidence raising the issue of

involuntary intoxication here, nor would this defense, which applies only to the actor's mental state, have any application in an intoxication prosecution.

 Involuntary intoxication is a defense to criminal culpability when it is shown that: (1) the accused has exercised no independent judgment or volition in taking the intoxicant; and (2) as a result of his intoxication, the accused did not know that his conduct was wrong or was incapable of conforming his conduct to the requirement of the law he allegedly violated.[1] There was no evidence in the record before us that would raise an issue on the first element of this defense; nothing indicated that Aliff took the intoxicating drugs unknowingly, or without knowledge of their effect.[2] That the drugs were legally prescribed was no defense.[3] Thus, because there was no evidence raising the affirmative defense, the trial court did not err in refusing to accordingly charge the jury.[4]

Moreover, involuntary intoxication is a defense to criminal culpability.[5] Proof of a culpable mental state is not required in prosecutions for intoxication offenses, including driving while intoxicated.[6] Thus, for both these reasons, we hold Aliff was not entitled to an instruction on involuntary intoxication. Point of Error One is overruled.

In his second point of error, Aliff asserts that the trial court erred in refusing to give a jury instruction on an insanity defense. We need not decide this matter because Aliff failed to file notice of his intention to offer evidence of an insanity defense as required by the Texas Code of Criminal Procedure.[7] Even though the trial court may have allowed some evidence of insanity to be presented to the jury, there is no finding of good cause for failure to give notice.[8] Having failed to file notice and to obtain a finding of good cause, Aliff was not entitled to a charge on insanity and is in no position to complain of the charge given by the court.[9]

Moreover, even had Aliff correctly filed notice or shown good cause, he still would not be entitled to the defense of insanity. As discussed above, to convict a defendant for driving while intoxicated it is not necessary to prove a culpable mental state.[10] Consequently, insanity cannot be a defense to the charge of driving while intoxicated.[11] Point of Error Two is overruled.

## CONCLUSION

We affirm the trial court's judgment.

1. *Torres v. State*, 585 S.W.2d 746, 749 (Tex. Crim.App.1979).

2. The closest evidence to a lack of judgment or volition is:
   Q. [Aaron] Okay. In your opinion, Doctor, is it absolutely medically necessary that he take the medications prescribed?
   A. [Dr. Huddleston] I think that it is, partly because the episodes that he has occur so rapidly.
   We do not feel that this evidence sufficiently raises the first element of *Torres*.

3. Tex. Penal Code Ann. § 49.10 (Vernon 1994).

4. *Torres*, 585 S.W.2d at 749.

5. *Id*.

6. Tex. Penal Code Ann. § 49.11 (Vernon Supp. 1997).

7. Tex.Code Crim. Proc. Ann. art. 46.03, § (2)(a)(1) & (b) (Vernon 1979).

8. Tex.Code Crim. Proc. Ann. art. 46.03, § (2)(b) (Vernon 1979).

9. *See Wilson v. State*, 633 S.W.2d 892, 894 (Tex. Crim.App.1982).

10. *See* Tex. Penal Code Ann. § 49.11 (Vernon Supp.1997); *Ex parte Ross*, 522 S.W.2d 214, 219 (Tex.Crim.App.), *cert. denied*, 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975); *Chunn v. State*, 923 S.W.2d 728, 729 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd).

11. *See Beasley v. State*, 810 S.W.2d 838, 841 (Tex.App.—Fort Worth 1991, pet. ref'd).