NUMBER
13-04-630-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

MARK ROLAND
CURTIN,                                                                Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                On appeal from the County Court at
Law No.1

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, Mark Roland Curtin, was found guilty of
driving while intoxicated (ADWI@) and sentenced to 90 days in county jail, probated
for twelve months, and a $1,000.00 fine. 
On appeal, appellant argues the following:  (1) the trial court erred in denying his
challenge for cause against a prospective juror; (2) the trial court committed
jury charge error; (3) the evidence was legally and factually insufficient; and
(4) the State made an improper jury argument. 

 I. BACKGROUND 

Appellant was arrested for DWI after he caused a
traffic accident.  Numerous police
officers from the scene of the accident testified that they observed appellant
to be intoxicated.  Appellant=s breath test showed he had an alcohol concentration
of 0.243.  Appellant and his physician,
Dr. Eugene Brown, contend that appellant suffered from traumatic amnesia at the
time of the accident.  The traumatic
amnesia was allegedly caused when appellant was struck in the head by a bar
patron earlier that evening.  Appellant
claims he involuntarily drank in excess because of the effects from the blow to
his head.    

II. CHALLENGE FOR CAUSE 

By his first issue, appellant argues that the trial
court erred in denying his challenge for cause against a prospective juror,
George Werenskjold.  Appellant contends
that Werenskjold was biased against appellant because he stated that the
defense of involuntary intoxication, which appellant was relying on, was Astupid.@








To preserve error on denied challenges for cause, an
appellant must demonstrate on the record the following:  (1) he asserted a clear and specific
challenge for cause, (2) he used a peremptory challenge on the complained-of venireperson,
(3) all his peremptory challenges were exhausted, (4) his request for
additional strikes was denied, and (5) an objectionable juror sat on the
jury.  Feldman v. State, 71 S.W.3d
738, 744 (Tex. Crim. App. 2002).  

The record shows that appellant failed to use a
peremptory challenge on Werenskjold. 
Furthermore, he did not request any additional challenges.  We conclude that appellant failed to preserve
error on his denied challenge for cause. 
See id.  We overrule
appellant=s first issue.                

III. JURY CHARGE ERROR

By his second issue, appellant argues that the trial
court erred in the jury instruction in regards to involuntary
intoxication.  Appellant contends that
the jury charge wrongfully placed the burden of proof on appellant by a
preponderance of the evidence rather than on the State beyond a reasonable
doubt.  The State argues that appellant
failed to raise a viable involuntary intoxication defense.  








A person commits an offense of driving while
intoxicated if the person is intoxicated while operating a motor vehicle in a
public place.  Tex. Pen. Code Ann. ' 49.04(a) (Vernon Supp. 2004-05).  A person is intoxicated if he has an alcohol
concentration of 0.08 or more.  See
id. ' 49.01(2)(B). 
Involuntary intoxication is a defense to criminal culpability.[1]  However, the defense does not apply when as
here, the defendant=s mental state is not an element of the alleged
offense.  See Nelson v. State, 149
S.W.3d 206, 210 (Tex. App.BFort Worth 2004, no pet.); Aliff v. State,
955 S.W.2d 891, 893 (Tex. App.BEl Paso 1997, no pet.).  Proof of a culpable mental state is not
required in prosecutions for intoxication offenses, including DWI.  See Tex.
Pen. Code Ann. ' 49.11(a).  We
conclude the defense of involuntary intoxication is not applicable to this case
because the defendant=s mental state is not an element of the offense of
DWI.  See id.; Nelson, 149 S.W.3d
at 210.  We overrule appellant=s second issue. 

IV. LEGAL AND FACTUAL SUFFICIENCY

By his third issue, appellant argues that the
evidence is neither legally nor factually sufficient to support the verdict
because the State did not rebut appellant=s evidence on the involuntary intoxication issue.

Appellant was not entitled to the intoxication
defense; therefore, we conclude it is unnecessary to address appellant=s legal and factual sufficiency challenge.  See Tex.
R. App. P. 47.1.  We overrule
appellant=s third issue. 

V. IMPROPER JURY ARGUMENT

By his fourth issue, appellant argues that
the State twice engaged in improper jury argument.  Appellant contends that the State committed
improper jury argument when it (1) referred to newspaper editorials expressing
the community attitude toward DWI cases, and (2) threatened the jury with the
loss of their right to complain ever again about this crime if they acquitted
the appellant.

A. Preservation of Error








To preserve error for appellate review, the record
must show that (1) the complaining party made a timely and specific request,
objection, or motion; and (2) the trial judge ruled on the request, objection,
or motion, either expressly or implicitly, or he refused to rule and the
complaining party objected to that refusal. 
See Tex. R. App. P.
33.1.  The record reflects that appellant
failed to object to the alleged improper argument regarding the jury losing
their right to complain of this crime ever again; therefore, appellant has
failed to preserve that issue for review. 
However, appellant has properly preserved his argument regarding the
newspaper editorials reflecting the community attitude toward DWI cases because
the court implicitly overruled his timely and specific objection.  See id.

B. Standard of Review     

An assertion of improper jury argument requires us
to review the record in its entirety to determine whether any erroneous
statements were made, and if so, whether they were so prejudicial as to deprive
appellant of a fair and impartial trial. 
Willis v. State, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989).  There are four permissible areas of jury
argument:  (1) summation of the evidence,
(2) reasonable deduction from the evidence, (3) answer to argument of opposing
counsel, and (4) plea for law enforcement. 
Wilson v. State, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996); Gaddis
v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).  An argument which exceeds these bounds is
error, but only becomes subject to reversal if, in light of the record as a
whole, the argument is extreme or manifestly improper, violative of a mandatory
statute, or injects new facts harmful to the accused into the trial.  Felder v. State, 848 S.W.2d 85, 94‑95
(Tex. Crim. App. 1992); Everett v. State, 707 S.W.2d 638, 640 (Tex.
Crim. App. 1986).








To determine if the prosecutor made an improper jury
argument, the reviewing court must consider the entire argument in context B not merely isolated instances.  See Rodriguez v. State, 90 S.W.3d 340,
364 (Tex. App.BEl Paso 2001, pet. ref'd).  The State may make a proper plea for law
enforcement, including arguing the relationship between the jury's verdict and
the deterrence of crime in general, arguing that juries should deter specific
crimes by their verdicts, and arguing the impact of the jury's verdict on the
community.  Borjan v. State, 787
S.W.2d 53, 55‑56 (Tex. Crim. App. 1990); Rodriguez, 90 S.W.3d at
365.

C. Analysis

During closing arguments, the State attempted to
emphasize the importance of convictions in DWI cases in general.  The following exchange then took place:

State:              You read in the paper about this
offense.  You read the editorials in the
newspaper about how people are complaining about how the juries are too laxed
[sic] -

 

Appellant:       Well, I=m
going to object to that, Your Honor.  

 

State:             It=s a plea to law enforcement, Judge.

 

Appellant:       What the people are writing letters to
the editor and what citizens are concerned about?

 

State:              Plea to law enforcement.

 

The Court:      He can make a plea to law enforcement.

 

Appellant:       I don=t mind
him making a plea to law enforcement, but I have an objection of him saying
what=s in the editorial page.

 

State:              Nothing but a plea to law
enforcement.

 

The Court:      Go ahead. 
Continue.

 








We see from the record that the trial judge
considered the State=s brief statement regarding community sentiment an
allowable plea for law enforcement.  A
plea for law enforcement is a permissible area of jury argument.  See Wilson, 938 S.W.2d at 59; Gaddis,
753 S.W.2d at 398.  Here, it is clear
from context that the State was attempting to convince the jury to act as the
voice of the community, which constitutes a plea to law enforcement and does
not constitute an improper appeal to community expectations.  See Rodriguez, 90 S.W.3d at 365.  We conclude the State did not commit improper
jury argument.  See Willis, 785
S.W.2d at 385.   

Furthermore, if we had found the statement to be
improper, it would still not be subject to reversal.  After considering the argument and the record
as a whole, we see the argument is not extreme or manifestly improper, nor
violative of a mandatory statute, and does not inject new facts harmful to the
accused into the trial.  See Felder,
848 S.W.2d at 94-95; Everett, 707 S.W.2d at 640.  Therefore, even if we were to conclude the
jury argument was improper, we would conclude it was not harmful to the
accused.  We overrule appellant=s fourth issue.   


V. CONCLUSION

The judgment of the trial court is affirmed.  

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 16th day of February, 2006.











[1] Involuntary intoxication is a defense to criminal liability for
offenses requiring a culpable mental state when it is shown that (1) the
accused has exercised no independent judgment or volition in taking the
intoxicant, and (2) as a result of his intoxication, the accused did not know
that his conduct was wrong or was incapable of conforming his conduct to the
requirement of the law he allegedly violated.  Torres v. State, 585 S.W.2d 746, 749 (Tex. Crim. App. 1979); Nelson v. State, 149
S.W.3d 206, 210 (Tex. App.BFort Worth 2004, no pet.); Aliff v. State, 955
S.W.2d 891, 893 (Tex. App.BEl Paso 1997, no pet.).