PD-0267-15

PD-0267-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/17/2015 1:27:13 PM
Accepted 3/19/2015 9:01:32 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS
## OF AUSTIN, TEXAS

ISMAEL ORTEGA,
      Appellant

§
§
§
§
§
§
§
§

NO._____

vs.

THE STATE OF TEXAS,
      Appellee

**ON PETITION FOR DISCRETIONARY REVIEW FROM THE DECISION
OF THE COURT OF APPEALS FOR
THE EIGHTH DISTRICT OF TEXAS, AT EL PASO, TEXAS
IN CAUSE NO. 08-13-00233-CR
AFFIRMING APPELLANT'S CONVICTION AND SENTENCE
IN CAUSE NO. 1297279
HONORABLE MIKE MITCHELL, PRESIDING
FROM COUNTY CRIMINAL COURT NO. TWO
OF TARRANT COUNTY**

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

March 19, 2015

ABEL ACOSTA, CLERK

**Richard A. Henderson
State Bar No. 09427100**

**RICHARD A. HENDERSON, P.C.
100 Throckmorton Street, Suite 540
Fort Worth, Texas 76102
817-332-9602 - Telephone
817-335-3940 – Facsimile
_richard@rahenderson.com_**

**ATTORNEY FOR APPELLANT, ISMAEL ORTEGA**

# SUBJECT INDEX

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

TABLE OF AUTHORITIES............................................................................. iii

STATEMENT REGARDING ORAL ARGUMENT ............................................... 1

STATEMENT OF THE CASE ......................................................................... 1

STATEMENT OF PROCEDURAL HISTORY ...................................................... 1

GROUNDS FOR REVIEW ............................................................................ 1

REASONS FOR REVIEW ............................................................................. 2

      GROUND ONE.................................................................................... 2

      GROUND TWO.................................................................................... 4

CONCLUSION AND PRAYER........................................................................ 7

CERTIFICATE OF COMPLIANCE .................................................................. 8

CERTIFICATE OF SERVICE.......................................................................... 8

APPENDICES ............................................................................................ 9

      Appendix "A"

      (Opinion of the Court of Appeals Eighth District of Texas, El Paso,Texas)

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties pursuant to Texas Rules of Appellate Procedure 68.4(a):

1. **Mr. Ismael Ortega**
   **Defendant/Appellant**

2. **Ms. Elizabeth M. "Mimi" Coffey**
   **Mr. Mitch Miers**
   4700 Airport Freeway
   Fort Worth, Texas 76117.
   **Trial Attorneys / Attorneys for Brief on Appeal**

3. **THE STATE OF TEXAS**
   **Ms. Jennifer Jackson and Ms. Lisa Herrick,**
   Trial Counsel
   Tarrant County District Attorney's Office
   **Mr. Charles Mallin**
   Former Chief of Appellate
   Tarrant County District Attorney's Office
   **Mr. Joe Shannon**
   Former Criminal District Attorney
   Tarrant County, Texas

   **Ms. Debra Windsor**
   Appellate Counsel for Appellee
   Tarrant County District Attorney's Office
   **Ms. Sharen Wilson**
   Criminal District Attorney
   Tarrant County, Texas
   401 W. Belknap Street, Fort Worth, Texas 76196
   **Plaintiff /Appellee**

4. **Honorable Mike Mitchell,**
   Judge for County Criminal Court No. 2
   401 W. Belknap Street
   Fort Worth, Texas 76196
   **Trial Judge**

5. **Richard A. Henderson**
   Richard A. Henderson, P.C.
   100 Throckmorton Street, Suite 540
   Fort Worth, Texas 76102
   **Joined as co-counsel for Appellant's PDR**

# TABLE OF AUTHORITIES

## CASES

*Arnold v. State,*
742 S.W.2d 10, 13 (Tex.Crim.App. 1987)..................................................................... 4

*Garcia v. State,*
528 S.W.2d 604, 605 (Tex.Crim.App. 1975) ............................................................... 3

*Guzman v. State,*
955 S.W.2d 85, 89 (Tex.Crim.App. 1997)..................................................................... 5

*Montanez v. State,*
195 S.W.3d 101 (Tex.Crim.App. 2006)......................................................................... 5

*Richardson v. State,*
622 S.W.2d 852, 856 (Tex.Crim.App. 1981) (op. on reh'g) ....................................... 3

*Shaw v. State,*
243 S.W.3d 647, 657 (Tex.Crim.App. 2007)................................................................ 3

## CODES, RULES

Texas Penal Code § 2.03 .................................................................................................. 2

Texas Penal Code § 2.03(c)............................................................................................. 3

Texas Rule of Evidence 404(b) ....................................................................................... 1

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes that oral argument would aid the court in deciding the critical issues presented.

## STATEMENT OF THE CASE

Appellant pleaded not guilty to a jury to driving while intoxicated misdemeanor repetition to a jury. Appellant was found guilty and sentenced to ninety (90) days in jail.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals issued its Opinion affirming the conviction on February 11, 2015. No Motion for Rehearing was filed. This Petition for Discretionary Review is timely if filed on or before March 13, 2015.

## GROUNDS FOR REVIEW

GROUND ONE: When involuntary intoxication is raised by the evidence, is it fundamental charge error to deny a defense instruction of involuntary intoxication?

GROUND TWO: Is it an abuse of discretion to deny a mistrial when evidence of a prior DWI is introduced in violation of Texas Rule of Evidence 404(b).

1

# REASONS FOR REVIEW

**Reason for Review  Ground One:**

Appellant and his wife were found asleep in their car on the side of the road. Appellant was arrested for DWI.  At trial, Appellant testified that his brother had left a gasoline can in the trunk of the car and that Appellant believed that was what caused both him and his wife to fall asleep.  Appellant did not give a blood or breath specimen.  Appellant's called an expert who offered testimony that being overcome by gasoline fumes can mimic alcohol intoxication.  The trial court admitted the expert evidence but refused a defense requested instruction on the grounds of involuntary intoxication.  The Appellate court ruled that because intent is not an element of driving while intoxicated that it made no difference if the gasoline left in the trunk of the car caused involuntary intoxication.

Texas Penal Code Section 2.03 allows for a jury instruction where the existence of the defense has been raised through evidence. To wit:

§2.03. DEFENSE.

(a) A defense to prosecution for an offense in this code is so labeled by the phrase: "It is a defense to prosecution "

(b) The prosecuting attorney is not required to negate the existence of a defense in the accusation charging commission of the offense.

(c) The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense.

(d) If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted.

(e) Aground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense.

In Texas Penal Code § 2.03(c), the Legislature mandated that "[t]he issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense. For the purposes of § 2.03(c), a defense is supported (or "raised") if there is evidence in the record making a prima facie case for the defense. *Richardson v. State*, 622 S.W.2d 852, 856 (Tex.Crim.App. 1981) (op. on reh'g); *Garcia v. State,* 528 S.W.2d 604, 605 (Tex.Crim.App. 1975). A prima facie case is that "minimum quantum of evidence necessary to support a rational inference that [an] allegation of fact is true." *Shaw v. State*, 243 S.W.3d 647, 657 (Tex.Crim.App. 2007). If a defense is supported by the evidence, then the defendant is entitled to an instruction on that defense, even if the evidence supporting the defense is weak or contradicted, and even if the trial court is of the opinion that the evidence is not credible. *Id.* If a defense is supported by the

3

evidence, then the defendant is entitled to an instruction on that defense, even if the evidence supporting the defense is weak or contradicted, and even if the trial court is of the opinion that the evidence is not credible. **e.g.,** *Arnold v. State*, 742 S.W.2d 10, 13 (Tex.Crim.App. 1987).

> "The requirement that the evidence must rationally support a jury finding before a defensive instruction is required serves to preserve the integrity of the jury as the fact finder by ensuring that it is instructed as to a defense only when, given the evidence, that defense is a rational alternative to the defendant's criminal liability. If a jury were instructed as to a defense even though the evidence did not rationally support it, then the instruction would constitute an invitation to the jury to return a verdict based on speculation. Whether a defense is supported by the evidence is a sufficiency question reviewable on appeal as a question of law."

While Appellant understands that there is no element of intent in the DWI law, certainly that has to be distinguishable from having intoxicants involuntarily breathed in from a source that a defendant is unaware of.

**Reason for Review  Ground Two.**

At trial, a video and audio recording were played of Appellant's encounter with the police at the scene of the arrest. Both through a pre-trial motion and agreement between the attorneys, a statement by Appellant to the police that, "I've

4

got a DWI" was not to be played. There was some confusion on the defense's part as to what time on the tape this was stated. The result was that the statement was played in front of the jury. The defense vigorously objected and requested a mistrial which was denied by the trial court.

The Court of Appeals in its opinion ruled that it was not an abuse of discretion to deny a mistrial.

The Appellate Court stated:

"In reviewing the trial court's factual determination that the jury could not have understood Appellant's statement on the video, we are guided by the Court of Criminal Appeals' decision in *Montanez v. State*, 195 S.W.3d 101 (Tex.Crim.App. 2006). There, the Court held that the deferential standard of review adopted in *Guzman v. State* applies to a trial court's determination of historical facts when that determination is based on a videotape recording admitted into evidence at a suppression hearing. *Id,* at 109. In *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997), the Court held that an appellate court should afford "almost total deference" to a trial court's determination of historical facts and mixed questions of law and fact,

5

especially those based on an evaluation of credibility and demeanor. We conclude that this same standard of "almost total deference" applies in our evaluation of the trial court's determination that the audio was so unclear that the jury could not have understood that Appellant said "I've got a DWI." Our independent review of the video shows that the statement did in fact occur two seconds before Appellant's designated time window and that the statement was not clear. But, more importantly, only the trial court, and not this Court, was in the position to evaluate whether the jury could have understood that statement. We do not know the layout or acoustics of the courtroom, the relative positions of the jury and the video playback equipment, or the quality of that equipment or the audio it produced. Only the trial court was in a position to evaluate all of those factors and to determine if the jury could have understood the statement on the video. Applying the proper deference to the trial court's factual determination, we conclude the trial court did not abuse its discretion in denying Appellant's motion for mistrial."

Appellant would show that this maybe the correct test to determine whether an abuse of discretion has occurred but the record shows that the statement was played. Appellant objected. The trial court made no independent inquiry of the jurors as to where they heard the statement. The only remedy was to grant a mistrial.

## CONCLUSION AND PRAYER

WHEREFORE, Appellant respectfully prays that this Court reverse the decision of the Court of Appeals and the Trial Court and remand this cause to the court for a new trial or for acquittal.

Respectfully Submitted,

RICHARD A. HENDERSON, P.C.
Two City Place
100 Throckmorton Street, Suite 540
Fort Worth, Texas 76102
(Telephone) 817-332-9602
(Telecopier) 817-335-3940
E-mail: *richard@rahenderson.com*

By: _____
Richard A. Henderson
State Bar No. 09427100

**ATTORNEY FOR APPELLANT**

7

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex.R. App. Proc. 9.4(e), because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex.R.App.P. Rule 9.4(i), because it contains 1,933 words, excluding any parts exempted by Tex.R.App.Proc 9.4(i) (1), as computed by the word-count feature of Microsoft Office Word 2010, the computer program used to prepare the document.

Richard A. Henderson

## CERTIFICATE OF SERVICE

A true copy of the foregoing document has been electronically served on opposing counsel, Ms. Debra Windsor, Assistant District Attorney, Chief of Appellant Section, Tarrant County District Attorney's office, 401 W Belknap Street, Fort Worth, Texas 76196 and mailed U.S. Regular Mail to Appellant, Mr. Ismael Oretga on this the 17TH day of March 2015.

Richard A. Henderson

8

# APPENDICES

# APPENDIX "A"

# OPINION OF
# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS



| | | |
|---|---|---|
| ISMAEL ORTEGA, | § | |
| Appellant, | § | No. 08-13-00233-CR |
| v. | § | Appeal from the |
| THE STATE OF TEXAS, | § | County Criminal Court Number Two |
| Appellee. | § | of Tarrant County, Texas |
| | § | (TC #1297279) |

## **OPINION**

Appellant Ismael Ortega appeals his misdemeanor conviction for driving while intoxicated. After the jury found Appellant guilty, the trial court sentenced Appellant to 90 days' confinement in the Tarrant County Jail. Appellant raises two issues on appeal. First, he contends the trial court abused its discretion when it denied his motion for mistrial after a portion of a video was mistakenly played to the jury. Second, Appellant contends the trial court erred in denying his requested jury instruction on involuntary intoxication. We affirm.[1]

### **SUMMARY OF THE EVIDENCE**

Around 2 a.m. on September 1, 2012, DPS Trooper Thomas approached a four-way stop in Fort Worth, Texas, and found Appellant and his wife asleep in their car with the motor still

---

[1] This case was transferred from our sister court in Fort Worth, and we decide it in accordance with the precedent of that court. TEX.R.APP.P. 41.3.

running. Thomas woke Appellant up by tapping on the car window. When Appellant got out of the car, Thomas smelled alcohol coming from the car and on Appellant's breath, and observed that Appellant's eyes were red and glazed. Although Appellant claimed he had only three drinks, he performed poorly on the field sobriety tests. The in-car video of the stop and the field sobriety tests was played for the jury. Thomas concluded Appellant's normal use of his mental faculties had been impaired due to drinking alcohol. *See* TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011) (intoxicated includes not having the normal use of mental faculties by reason of the introduction of alcohol). No evidence of alcohol concentration was presented to the jury because Appellant refused to take a breath test, and no blood sample was taken for analysis. *See id.* at § 49.01(2)(B) (intoxicated includes having an alcohol concentration of 0.08 or more).

Appellant presented evidence that, unknown to him or his wife, his brother had left an open, partially-filled gas can in the trunk of Appellant's car that day. Appellant testified that he and his wife had noticed an odor in the car that night and that on their way home after dinner and drinks, his wife had decided to take a nap. In retrospect, Appellant thought gas fumes might have affected her. Appellant also testified he had not felt intoxicated and thought he had passed out due to the effects of the gas fumes. The trial court allowed an expert witness to testify that breathing gas fumes can mimic alcohol ingestion and cause a person to pass out, and that gas fumes emitted from the gas can in the car trunk could have had those effects in this case.

## MISTRIAL

In his first issue, Appellant contends the trial court abused its discretion when it denied his motion for mistrial after a portion of the in-car video was mistakenly played to the jury. He claimed at trial that the prosecutor failed to timely mute the video allowing the jury to hear him

2

state, "I've got a DWI."

Immediately before trial, Appellant filed a motion requesting the exclusion of, among other things, his statement "I've got a DWI" that occurred at "6:19 through 6:22" on the in-car video. Due to time constraints, the parties agreed the prosecutor would mute the video at the requested times rather than redacting the objectionable statements. When the video was played for the jury, the prosecutor muted the sound at 6:18 through 6:23 of the recording, providing one extra second at the beginning. The statement "I've got a DWI," however, appeared on the video two seconds earlier, starting at 6:16. Defense counsel admitted that her office had mistakenly designated the wrong times. Appellant and his counsel claimed they heard Appellant state, "I've got a DWI" when the video was played to the jury. The State argued that Appellant's statement was not audible to the jury. The trial court listened to the objectionable portion of the video three times and determined that the audio was so unclear that the jury could not have understood what Appellant said. Accordingly, the trial court denied Appellant's motion for mistrial. We conclude that the trial court did not abuse its discretion in denying a mistrial based on its determination that the jury could not have understood from the video that Appellant stated "I've got a DWI."[2]

A mistrial is an appropriate remedy in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex.Crim.App. 2009). We review the denial of a mistrial for an abuse of discretion. *Id.* We must uphold the

---

[2] There is no question that Appellant preserved error by requesting a mistrial without first objecting and requesting an instruction to disregard. We recognize that the preferred procedure for a party to voice a complaint is: (1) to object; (2) to request an instruction to disregard; and (3) then to move for a mistrial. *Young v. State*, 137 S.W.3d 65, 69 (Tex.Crim.App. 2004). "However, this sequence is not essential to preserve complaints for appellate review." *Id.* Here, the objectionable event occurred before counsel could have reasonably foreseen it, and an instruction to disregard would not have had the desired effect, but rather would have emphasized what the jury had not heard. *Id.* at 70. Thus, the only possible "suitable remedy is a mistrial, and a motion for a mistrial is the only essential prerequisite to presenting the complaint on appeal." *Id.*

ruling if it was within the zone of reasonable disagreement. *Id.* Normally, in determining whether a trial court abused its discretion by denying a mistrial, we would balance three factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect); (2) the effectiveness of the curative measures taken; and (3) the certainty of conviction or the punishment assessed absent the misconduct. *Hawkins v. State,* 135 S.W.3d 72, 77 (Tex.Crim.App. 2004); *Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App. 1998), *cert. denied,* 526 U.S. 1070 (1999). But, application of this balancing test assumes there was misconduct or prejudice. Here, the trial court concluded there had been no misconduct or prejudicial effect because it determined Appellant's statement could not have been heard or understood by the jury.

In reviewing the trial court's factual determination that the jury could not have understood Appellant's statement on the video, we are guided by the Court of Criminal Appeals' decision in *Montanez v. State,* 195 S.W.3d 101 (Tex.Crim.App. 2006). There, the Court held that the deferential standard of review adopted in *Guzman v. State* applies to a trial court's determination of historical facts when that determination is based on a videotape recording admitted into evidence at a suppression hearing. *Id.* at 109. In *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997), the Court held that an appellate court should afford "almost total deference" to a trial court's determination of historical facts and mixed questions of law and fact, especially those based on an evaluation of credibility and demeanor.

We conclude that this same standard of "almost total deference" applies in our evaluation of the trial court's determination that the audio was so unclear that the jury could not have understood that Appellant said "I've got a DWI." Our independent review of the video shows that the statement did in fact occur two seconds before Appellant's designated time window and

4

that the statement was not clear. But, more importantly, only the trial court, and not this Court, was in the position to evaluate whether the jury could have understood that statement. We do not know the layout or acoustics of the courtroom, the relative positions of the jury and the video playback equipment, or the quality of that equipment or the audio it produced. Only the trial court was in a position to evaluate all of those factors and to determine if the jury could have understood the statement on the video. Applying the proper deference to the trial court's factual determination, we conclude the trial court did not abuse its discretion in denying Appellant's motion for mistrial. We overrule Issue One.

## INVOLUNTARY INTOXICATION

At trial before the jury charge was submitted to the jury, counsel for Appellant asked the trial court to include the defense of involuntary intoxication in the charge as follows:

> You are hereby instructed that involuntary intoxication is a defense to prosecution for an offense when it is shown that the accused has exercised no independent judgment or volition in taking the intoxicant and was [sic] a result of his intoxication via this intoxicant he did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

The trial court denied the request. In his second issue, Appellant contends the instruction should have been given because evidence of involuntary intoxication had been submitted to the jury. Appellant claims he was unknowingly intoxicated by gasoline fumes from the uncapped can of gas left in his car by his brother. At trial, Appellant presented evidence that, unknown to him or his wife, his brother had left an open, partially-filled gas can in the trunk of Appellant's car. Appellant's expert was allowed to testify that breathing gasoline fumes can mimic the effects of alcohol intoxication. Appellant testified that he remembered leaving the tavern and sensing an

5

odd smell in the car, but did not remember anything more until the DPS trooper woke him and his wife in the car. Appellant speculated that he and his wife were both overcome by gasoline fumes and passed out at the stop sign on the way home.

Appellate review of purported error in a jury charge involves a two-step process. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex.Crim.App. 2012). We first determine whether error occurred; if error did not occur, our analysis ends. *Hailey v. State*, 413 S.W.3d 457, 495 (Tex.App. – Fort Worth 2012, pet. ref'd). Second, if error occurred, we then evaluate whether sufficient harm resulted from the error to require reversal. *Kirsch*, 357 S.W.3d at 649; *Hailey*, 413 S.W.3d at 495. We conclude that because involuntary intoxication is not a defense to the offense of driving while intoxicated, the trial court did not err in refusing to submit the involuntary intoxication instruction.

To support his contention the trial court erred by refusing to submit the requested charge, Appellant relies on *Torres v. State*, which recognized involuntary intoxication as a defense to criminal conduct. *Torres v. State*, 585 S.W.2d 746, 749-50 (Tex.Crim.App. 1979). The Court held that involuntary intoxication *is a defense to criminal culpability* when it is shown that: (1) the accused has exercised no independent judgment or volition in taking the intoxicant; and (2) as a result of his intoxication, the accused did not know that his conduct was wrong, or he was incapable of conforming his conduct to the requirements of the law he allegedly violated.[3] *Id.* at 749 (emphasis added). Thus, involuntary intoxication is a defense to criminal culpability. *Id.*

Under Texas law, however, criminal culpability is not an element of a DWI offense, and proof of a culpable mental state is not required for a DWI conviction. TEX. PENAL CODE ANN. §§

---

[3] The Court of Criminal Appeals later limited the scope of the involuntary intoxication defense. *See Mendenhall v. State*, 77 S.W.3d 815, 818 (Tex.Crim.App. 2002) (because of the subsequent amendment of Texas Penal Code § 8.01(a), the language from which *Torres* held the involuntary intoxication defense was implicit, it is no longer an affirmative defense that the defendant, due to involuntary intoxication, was incapable of conforming his conduct to the requirements of the law he allegedly violated).

6

49.04, 49.11(a) (West 2011). Thus, the involuntary intoxication defense does not apply to a DWI prosecution, and a trial court does not err in refusing an involuntary intoxication instruction in a DWI case.[4] *Brown v. State*, 290 S.W.3d 247, 251 (Tex.App. – Fort Worth 2009, pet. ref'd) ("we hold that the trial court did not err in refusing Brown's request for a jury instruction on involuntary intoxication because involuntary intoxication cannot be a defense to DWI"); *Nelson v. State*, 149 S.W.3d 206, 211 (Tex.App. – Fort Worth 2004, no pet.) (same); *Aliff v. State*, 955 S.W.2d 891, 893 (Tex.App. – El Paso 1997, no pet.) (same).[5] We conclude that because involuntary intoxication is not a defense to driving while intoxicated, the trial court did not err in refusing to submit an instruction on involuntary intoxication. We overrule Issue Two.

## CONCLUSION

Applying the proper deference to the trial court's factual determination that the jury could

---

[4] Appellant also requested a jury instruction on the so-called voluntary act defense. *See Whatley v. State*, 445 S.W.3d 159, 166 (Tex.Crim.App. 2014) (Texas Penal Code § 6.01(a) requires a voluntary act as an element of guilt). The defenses of involuntary intoxication and involuntary act are separate and distinct. *Stamper v. State*, No. 05-02-01730-CR, 2003 WL 21540414, at *1 (Tex.App. – Dallas July 9, 2003, pet. ref'd)(not designated for publication); *see Whatley*, 445 S.W.3d at 166 (the issue of the voluntariness of one's conduct is separate from the issue of one's mental state and a distinct inquiry from the knowing or intentional *mens rea* requirement). Appellant specifically limited her second issue on appeal to the contention that the trial court erred in refusing to submit the involuntary intoxication instruction. Thus, we do not address the trial court's refusal to submit an instruction on the voluntary act defense.

[5] *See also Cox v. State*, No. 05-12-00881-CR, 2013 WL 4528675, at *2 (Tex.App. – Dallas Aug. 27, 2013, no pet.)(not designated for publication) ("As appellant concedes, involuntary intoxication is not a defense to the offense of driving while intoxicated."); *Walker v. State*, No. 01-09-00902-CR, 2010 WL 5187711, at *6 (Tex.App. – Houston [1st Dist.] Dec. 23, 2010, no pet.)(not designated for publication) ("Texas courts have held that involuntary intoxication is not a defense to DWI because the offense of DWI does not require a culpable mental state."); *Rounsavall v. State*, No. 07-09-00046-CR, 2010 WL 547092, at *3 (Tex.App. – Amarillo Feb. 17, 2010, no pet.)(not designated for publication) ("the case law in Texas is unanimous that a trial court does not err when it refuses to give a jury charge on involuntary intoxication in a driving while intoxicated case"); *Bearden v. State*, No. 01-97-00900-CR, 2000 WL 19638, at *4 (Tex.App. – Houston [1st Dist.] Jan. 13, 2000, pet. ref'd)(not designated for publication) (declining to extend involuntary intoxication defense to DWI); *Spence v. State*, No. 02-08-00411-CR, 2009 WL 3720179, at *4 (Tex.App. – Fort Worth Nov. 5, 2009, pet. ref'd)(not designated for publication) ("involuntary intoxication is not a defense to DWI"); *Curtin v. State*, No. 13-04-00630-CR, 2006 WL 347025, at *1 (Tex.App. – Corpus Christi-Edinburg Feb. 16, 2006, no pet.)(not designated for publication) ("We conclude the defense of involuntary intoxication is not applicable to this case because the defendant's mental state is not an element of the offense of DWI.").

7

not have heard and understood Appellant's statement that "I've got a DWI," we conclude the trial court did not abuse its discretion in denying Appellant's motion for mistrial. We also conclude that because involuntary intoxication is not a defense to driving while intoxicated, the trial court did not err in refusing to submit an instruction on involuntary intoxication. Accordingly, we affirm the trial court's judgment.

STEVEN L. HUGHES, Justice

February 11, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)